Chen v. Equity Fund, III          CV-95-377-B    06/13/96

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Benjamin T. Chen and
Yu-Yang Chen

        v.                                  Civil No. 95-377-B

Equity Fund, III, et al.


                          **O R D E R**

       Benjamin and Yu-Yang Chen purchased certain real estate from
the City of Manchester at a public auction.  The real estate was
formerly owned by Equity Fund III, a New Hampshire general
partnership.  It was also subject to an undischarged mortgage in
favor of First Service Bank for Savings, which was later taken
over by the Federal Deposit Insurance Corporation ("FDIC").  The
Chens now argue in their petition to quiet the title[1] that any
interest that Equity Fund III or the FDIC may have had in the
property was extinguished by the tax collector's execution of a
tax deed in favor of the City of Manchester.

---

       [1]  The petition was filed in state court, but was removed to
federal court by the FDIC.

The FDIC moves for summary judgment[2] on the ground that a provision of FIRREA, 12 U.S.C.A. § 1825(b)(2), protected its mortgage interest in the property. The applicable FIRREA statute provides:

> When acting as a receiver, the following provisions shall apply with respect to the Corporation:
>
> (2) No property of the Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Corporation, nor shall any involuntary lien attach to the property of the Corporation.

12 U.S.C.A. § 1825(b)(2). The FDIC does not contest the validity of the tax lien, but asserts that because it did not consent to the issuance of the tax deed, the deed did not extinguish the FDIC's mortgage interest. Consequently, the FDIC moves for judgment declaring that the property remains encumbered by the FDIC's mortgage interest.

The Chens base their opposition to the motion on an FDIC policy statement on foreclosure consent and redemption rights which they contend affects the FDIC's eligibility for protection

---

[2] Summary judgment is appropriate if the facts taken in the light most favorable to the nonmoving party show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); F.D.I.C. v. Anchor Properties, 13 F.3d 27, 30 (1st Cir. 1994).

2

under the statute.  The applicable section of the cited policy statement provides that "[i]f the Corporation's interest is not of record, the Corporation hereby grants its consent under 12 U.S.C. 1825(b)(2) as to any foreclosure by the holder of any bona fide lien which encumbers such property." Statement of Policy on Foreclosure Consent and Redemption Rights, 57 Fed. Reg. 29491, 29492, § 4(a)(iii) (July 2, 1992) ("Policy Statement").  The Policy Statement provides that the FDIC's interest is "of record" when "such interest appears vested in a financial institution for which the Corporation has been appointed receiver in the public land records in accordance with local law and the Corporation has published notice in the Federal Register that it has been appointed receiver for that financial institution." Id.  In the case of a nonjudicial foreclosure, such as a tax sale, the FDIC's notice in the Federal Register must appear before "the date on which notice of the foreclosure sale has been given to all persons required to be provided with notice in accordance with applicable law." Id. at 29492-93.

The mortgage at issue in this case was recorded in the Hillsborough County Registry of Deeds on July 24, 1987, and the parties have not contested its validity.  The First Service Bank for Savings was placed in FDIC receivership on March 31, 1989,

and, as a result, the FDIC succeeded to the bank's rights and interests in the mortgage.  The FDIC published notice in the Federal Register of its receivership on July 2, 1992, in a list appended to the Policy Statement.  57 Fed. Reg. at 29494.

The tax collector for the City of Manchester notified the owner and mortgagee of record, the bank, on April 5, 1991, of the outstanding tax liability on the property, and that a lien would be placed on the property if the taxes were not paid by May 10, 1991.  See N.H. Rev. Stat. Ann. § 80:60 (1991).  The parties agree that the tax collector executed the tax lien in favor of the city in May 1991.  A statutory two-year redemption period followed execution of the tax lien.  See N.H. Rev. Stat. Ann. § 80:76 (1991).  Anticipating the end of the redemption period and in accordance with the statutory requirement, the tax collector sent a "notice of impending deed" to the property owner and mortgagee on February 12, 1993.  See N.H. Rev. Stat. Ann. § 80:77 (1991).[3]  The tax collector executed a tax deed in favor of the

---

[3]  Although the statute in effect in 1993 did not require that notice be given to the mortgagee, the New Hampshire Supreme Court has since held that actual notice to the mortgagee is necessary to comply with the due process requirements of the New Hampshire Constitution.  First N.H. Bank v. Town of Windham, 138 N.H. 319, 327-28 (1994); see also N.H. Rev. Stat. Ann. § 80:77-a (Supp. 1995) (effective Jan. 1, 1996).

4

city which was recorded on August 11, 1993.

In summary, the FDIC published notice of its receivership in the Federal Register in July 1992 before the city tax collector gave notice in February 1993 of the impending foreclosure[4] of the city's tax lien.[5] Therefore, the default provision in the Policy Statement is inapplicable because the FDIC's mortgage interest was "of record" before the tax deed was issued.

The Chens alternatively argue that the FDIC's interest in the property should be extinguished even if it did not consent to the issuance of the tax deed through the procedures set out in the Policy Statement. First, the Chens contend that the FDIC's

_____

[4] The parties do not dispute that the execution of the tax deed to Manchester was a foreclosure within the meaning of both § 1825 and the Policy Statement. Under New Hampshire law, the tax collector's deed to Manchester would extinguish both the tax lien and all other liens or mortgages on the property. First N.H. Bank, 138 N.H. at 324. Other courts have interpreted a foreclosure in the context of § 1825(b)(2) as the event under state law when the FDIC's interest would be extinguished. See, e.g., Matagorda County v. Russell Law, 19 F.3d 215, 222 (5th Cir. 1994); Cambridge Capital Corp. v. Halcon Enterprises, Inc., 842 F. Supp. 499, 502 (S. D. Fla. 1993).

[5] The Chens' argument that section 1825(b)(2) applies only if the FDIC records its receivership in the registry of deeds is meritless. The bank recorded its mortgage, the FDIC succeeded to the bank's mortgage lien when it was appointed receiver of the bank, and the FDIC published notice of its receivership in the Federal Register. No further record of the FDIC's interest is necessary to invoke the protection of § 1825(b)(2).

5

failure to assert an interest in the property prior to the commencement of this litigation qualifies as an "indeterminate delay" which should be construed as an abandonment of the property. The cases the Chens cite discuss circumstances in which the FDIC's failure to pay taxes or consent to foreclosure of a city's tax lien, combined with a long delay in resolving its interest in the property, may amount to taking the property. See, Simon, 53 F.3d at 23-24 ("at some point a delay in the ability to exercise property rights may constitute a compensable taking"); Matagorda County, 19 F.3d at 223-25 (accord). In this case, however, the city has never asserted that the FDIC's delay unreasonably interfered with the city's interest in the property. Further, the Chens bought the property in March 1995 with record notice of the FDIC's mortgage interest in the property and, thus, cannot now claim that the FDIC has delayed resolution of its property interest with respect to them.[6]

Second, the Chens argue that the FDIC should be estopped from denying its consent to the tax sale based on representations made by an FDIC credit specialist to a city tax collector. City

---

[6] The Chens allege that the FDIC recorded its receivership interest at the Hillsborough County Registry of Deeds on March 14, 1994.

6

tax collector Joan Gardner states in an affidavit that she believed the FDIC had consented to the tax sale based on a series of telephone calls with FDIC credit specialist, Ray Holubec. She stated Holubec told her in May 1993 that the FDIC would pay the overdue taxes and foreclose its mortgage, but in July he told her that the FDIC would not pay the taxes because the amount of past due taxes could not be recovered through foreclosure of the FDIC's interest in the property. As a result, Gardner claims that she believed in good faith that the FDIC had relinquished its interest and consented to the city becoming the property's owner. Gardner acknowledges, however, that she knew at the time that the FDIC had specific procedures for obtaining consent which were not followed in this case, and her knowledge belies her reliance on her conversations with Holubec.[7] Moreover, the Chens

---

[7] Holubec stated in his affidavit that he did not consent to the tax deed or abandon the property, that he lacked authority to do so, and that his proposal to abandon the property made to the appropriate FDIC committee was rejected. In addition to knowing the FDIC consent procedures, Gardner stated in her affidavit that she believed Holubec was sending a letter of discharge of the FDIC's interest. Nevertheless, Gardner went forward with the tax deed to the city without receiving the discharge letter she expected from the FDIC. The Chens have not shown a reasonable basis for Gardner to infer that Holubec had authority to consent or to abandon the property through representations in a telephone conversation.

7

have not alleged that their decision to purchase the property was in any way based on Gardner's alleged misunderstanding about the FDIC's interest in the property. Accordingly, the circumstances presented here are not sufficient to estop the FDIC from denying that it consented to a sale or abandoned the property.

Finally, the Chens contend that the FDIC's consent procedures should not be enforced because the city's request for consent might have been futile. The Chens point to language in the Policy Statement that states: "The consent of the Corporation under 12 U.S.C. 1825(b)(2) may be requested in accordance with the procedures . . . with the understanding that consent may be granted or withheld in the sole and absolute discretion of the Corporation." Policy Statement, ¶ 4(a)(iii), 57 Fed. Reg. at 29492. Because the city did not try to obtain consent by the prescribed procedure, the Chens cannot show that a proper request would have been futile. Further, the Chens have not demonstrated that the FDIC's prescribed procedures are unenforceable. Cf. Edmundson v. United States, 886 F. Supp. 1314 (W.D. La. 1995) (IRS notice regulation held ambiguous and overly burdensome and therefore unenforceable where plaintiff provided actual, but noncomplying, notice of sale of property subject to tax lien).

8

Therefore, through the operation of 12 U.S.C.A. §
1825(b)(2), the city's sale of the property to the Chens did not
extinguish the FDIC's mortgage interest in the property.

For the foregoing reasons, the FDIC's motion for summary
judgment (document no. 11) is granted.

SO ORDERED.


_____
Paul Barbadoro
United States District Judge
June  13, 1996

cc:  Pauline L. Guay, Esq.
     Equity Fund, III
     Paul J. George
     Robert F. George
     Stuart M. Holber, Esq.
     John L. Allen, Esq.